NOT DESIGNATED FOR PUBLICATION

No. 124,045

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN LEE PEVY III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; KENDRA LEWISON, judge. Opinion filed July 1, 2022. Reversed and remanded with directions.

*Rick Kittel* and *Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., COBLE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: In this appeal John Lee Pevy III contends the district court abused its discretion when, after finding Pevy violated the terms of his probation, the court revoked his probation and ordered him to serve his underlying sentence. He contends that the district court failed to follow K.S.A. 2018 Supp. 22-3716 in doing so. The details of Pevy's crimes and the various grounds for finding that he violated his probation are well known to the parties and need not be recounted here. The following chronology will suffice.

1

PROCEDURAL HISTORY

In July 2019, following a no-contest plea, Pevy was convicted of two counts of aggravated battery that were committed in February 2019. Pevy was sentenced to 27 months in prison but was granted probation for 24 months.

In February 2020, the district court found that Pevy had violated the terms of his probation and imposed a two-day jail sanction.

Four months later, Pevy was charged with another probation violation. After finding that Pevy again had violated his probation, the court placed him on house arrest for 30 days.

Thereafter, the State again moved to revoke Pevy's probation. Following an evidentiary hearing in April 2021, the district court found that Pevy had violated the terms of his probation. The court revoked Pevy's probation and ordered him to serve his underlying prison sentence. The journal entry for the revocation of probation did not state why probation was revoked. The district court, however, made the following comments to explain its reasons for ordering Pevy to serve his prison sentence:

"Okay. Well, to be perfectly honest, after we had that initial hearing my inclination was going to be to reinstate Mr. Pevy on his probation because although it was far from perfect and he had some failed treatments in the past, he had gotten back on track. He was—wasn't in the right level of substance abuse treatment as was recommended for him, but he was getting the batterer's intervention treatment. He was getting substance abuse treatment. His attendance wasn't perfect but generally he was moving in the right direction but it was a close call because he had had a lot of issues along the way. So you know, as I said earlier, this was really an opportunity for him, partly as I said earlier it was out of concern for his safety by the Court to have him come

here and personally be present but also it was an opportunity to prove to the Court that he could continue to work with Ms. Lee and continue to do this probation.

"I had some lingering questions about the testimony that I heard about him always waiting til the end of the day to do his UA's which is concerning because it can especially in the case of alcohol mean that somebody is waiting it out and trying to avoid having that substance in their system, and on the one time that Ms. Lee had surprised him with a test earlier in the day he had the presence of alcohol in his system and so I thought by having him do his testing earlier in the day we could—we could get to the heart of the matter.

"Unfortunately, I find myself here today with him not only having refused to do the last two UA's but frankly behaving in such a manner that's disrespectful to Ms. Lee and an indication that he's just not willing to do this probation any more because these UA's are integral to the probation.

"Ms. Lee can't do her job without knowing whether there are substances in Mr. Pevy's system and she can't do her job if the most basic conditions of his probation he's just refusing to do, and so while at the end of the day yesterday I in my mind thought I would be—he would be continuing his probation, at this point in time I find myself at a juncture where I just don't see how that is a plausible way to proceed in this case, so I am going to revoke Mr. Pevy's probation and order him to serve his sentence under these circumstances."

Pevy appeals. He claims the district court erred in revoking his probation and ordering him to serve his underlying sentence. More specifically, he argues that in doing so the district court erroneously bypassed the additional intermediate sanctions of being sent to prison for a period of 60 to 180 days under K.S.A. 2018 Supp. 22-3716 without making particularized findings—required by K.S.A. 2018 Supp. 22-3716(c)(9)(A)—that "the safety of members of the public will be jeopardized or that the welfare of the offender will not be served" by ordering further intermediate sanctions.

3

The parties agree that the intermediate sanction scheme of K.S.A. 2018 Supp. 22-3716 applies to Pevy's probation.

We review the district court's revocation of an offender's probation for any abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Once a probation violation and an exception to the intermediate sanctions requirement have been established, the district court has discretion—within the statutory framework of K.S.A. 2018 Supp. 22-3716—to continue the probation or to revoke probation and to require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The movant bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The general rule is that the district court must apply the intermediate sanctions scheme upon finding a probation violation. *Coleman*, 311 Kan. at 337. But under K.S.A. 2018 Supp. 22-3716(c)(9)(A), a district court may bypass intermediate sanctions if it finds that the safety of the public will be jeopardized or the welfare of the offender will not be served by imposing an intermediate sanction. But in doing so, the district court cannot rely on generalized findings that could found in any probation revocation case. *State v. Duran*, 56 Kan. App. 2d 1268, 1276, 445 P.3d 761 (2019), *rev. denied* 312 Kan. 895 (2020).

To bypass intermediate sanctions, the district court must make findings that are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Whether the reasons set forth by the district court were sufficiently particularized, as required by K.S.A. 2018 Supp. 22-3716(c)(9)(A), is a question of law over which we exercise unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015).

Because the statute requires the court to set forth with particularity the reasons for finding this exception applies, "'an implicit determination is not enough.'" *Dooley*, 308 Kan. at 652. To rely on this exception, the district court must explain how the safety of the members of the public will be jeopardized if the offender remains on probation or how the offender's welfare will not be served by imposing an intermediate sanction. A conclusory remark about a probationer's unwillingness or inability to follow the probation terms is not enough to establish how the probationer's welfare would not be served by imposing intermediate sanctions. *McFeeters*, 52 Kan. App. 2d at 49.

This requirement for particularized findings was reaffirmed in our Supreme Court's recent decision in *State v. Tafolla*, 315 Kan. 324, 330, 508 P.3d 351 (2022):

> "[T]he court may bypass intermediate sanctions if the court *sets forth with particularity* the reasons for finding the welfare of the offender will not be served by imposing intermediate sanctions. When the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details. Implicit findings by a court are insufficient when particularized findings are required by statute. [Citations omitted.]"

Here, in bypassing further intermediate sanctions under K.S.A. 2018 Supp. 22-3716(c)(9)(A), the district court mentioned Pevy's safety in passing, but the court did not provide details on how imposing the underlying sentence would better serve Pevy's

welfare. In fact, nowhere in the district court's ruling did the court state with particularity that bypassing yet another intermediate sanction would serve either public safety or Pevy's welfare.

Accordingly, we conclude that by not following the statutory mandates of K.S.A. 2018 Supp. 22-3716(c)(9)(A), the district court abused its discretion in bypassing further intermediate sanctions and ordering Pevy to serve his underlying prison sentence. Accordingly, the district court is directed to either impose an intermediate sanction authorized by K.S.A. 2018 Supp. 22-3716 or to bypass further sanctions and order Pevy to serve his underlying sentenced based on a particularized finding under K.S.A. 2018 Supp. 22-3716(c)(9)(A).

Reversed and remanded with directions.